33 B.R. 252 (1983)
In the Matter of DAVIES INSURANCE SERVICE, INC., Debtor.
COMMERCIAL UNION INSURANCE CO., Employer's Fire Insurance Co., American Employer's Insurance Co., Northern Assurance Co., Plaintiffs,
v.
DAVIES INSURANCE SERVICES, INC. and Equibank, Defendants.
Bankruptcy No. 83-625, Adv. No. 83-621.
United States Bankruptcy Court, W.D. Pennsylvania.
September 13, 1983.
Mark Glosser, Pittsburgh, Pa., for debtor.
Thomas Ward, Pittsburgh, Pa., for plaintiffs.

MEMORANDUM OPINION
GERALD K. GIBSON, Bankruptcy Judge.
Presently before the Court is a Complaint for Declaratory and Injunctive Relief wherein plaintiff insurance companies seek termination of certain agreements with Debtor as well as turnover of files, records and expirations in possession of the Debtor. By Consent Order of Court dated April 27, 1983, all disputes herein were resolved with one exception. The remaining issue at bar concerns the ownership of certain customer *253 lists and right to solicit renewals and or replacements, which are commonly referred to in the insurance industry as "expirations". Both plaintiff insurance companies and Debtor claim an ownership interest therein.
The facts are briefly as follows. Debtor is an independent agency and was authorized to issue insurance policies by various insurers including plaintiffs in the adversary proceeding at bar. Debtor's agency agreements with plaintiffs were terminated by Consent Order of Court dated April 27, 1983, and are of no further effect. The parties have stipulated that Debtor has not turned over premiums for insurance policies to plaintiffs.
Plaintiffs aver that Debtor has failed to remit premiums as required by the "Personal Lines Agency Agreement" dated July 7, 1980; and the "Commercial Lines Agency Agreements" dated December 3, 1981. The aforementioned agreements are attached to Plaintiffs' Complaint as Exhibits A & B respectively. Plaintiffs argue that in the event of termination and non-payment of premiums, the agreements provide that ownership of the expirations vest in plaintiffs.
In its answer, Debtor avers that the expirations are property of the estate pursuant to § 541 of the Bankruptcy Code. Debtor further avers that the provisions of the agency agreements were intended to give the insurance companies security for monies owed by Debtor. As such, Article 9 of the Uniform Commercial Code requires a written security agreement as well as perfection by the recording of a financing statement.
In response thereto, plaintiffs assert an equitable lien in the value of such expirations, notwithstanding their failure to file financing statements in accordance with Article 9 of the Uniform Commercial Code.
Equibank has intervened in the proceeding at bar, and avers that it is the holder of a properly perfected security interest in the expirations.
The Court now turns to the contractual provisions of the Personal Lines and Commercial Lines Agency Agreements. The provisions are identical and state as follows:
(10) EXPIRATIONS. (a) In the event of termination of this Agreement, Agent having promptly accounted for and paid over all premiums for which he may be liable, Agent's records, use and control of expirations shall remain the property of Agent and be left in his undisputed possession; otherwise, the records, use and control of expirations shall be vested exclusively in Company. Agent's vested ownership or records, use and control of expirations shall not be affected by any change in the Company's marketing methods. (b) Any difference of opinion with respect to Agent's liability to Company shall not affect the ownership of expirations clause provided Agent promptly furnishes acceptable collateral security equal to the disputed amount, to be held by Company until the difference is resolved. Company shall have the authority to utilize the collateral to the extent necessary to cover the indebtedness, interest and expenses due Company as finally resolved.
In support of its argument, Debtor cites the case of In Re Roy A. Dart Ins. Agency Inc., 5 B.R. 207 (Bkrtcy.Mass.1980). Therein, the Court addressed the precise issue at bar. For that reason, a detailed examination of the opinion follows.
In the case of In Re Dart supra., a Chapter 11 Debtor filed a complaint to sell agency expirations. St. Paul Fire and Marine Insurance Company, hereinafter "St. Paul" objected thereto and claimed ownership of the expirations on the basis of its agency agreement with the Debtor. As in the case at bar, St. Paul did not file financing statements in accordance with the provisions of Article 9 of the Uniform Commercial Code. Further, the contractual provisions in the Dart case were identical to those in the case at bar.
In addition thereto, two parties asserted security interests in the expirations on the basis of security agreements and financing statements recorded thereon.
*254 In its analysis, the Dart Court examines the relevant provisions of Article 9 of the Uniform Commercial Code as follows. Section 1-201(37) defines a security interest as "an interest in personal property or fixtures which secures payment or performance of an obligation." Section 9-102(1)(a) further provides that Article 9 applies "to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures, including goods, documents, instruments, general intangibles, chattel paper, accounts or contract rights."
In citing a portion of the contract which is identical to the contract provisions at bar, the Dart Court states as follows: ". . . common sense dictates that the parties intended the subject clause to create a security interest." The Dart Court notes that insurance expirations are most properly categorized as "general intangibles" and as such, interests therein can only be perfected by filing on the bases of 9-305 of Article 9.
The Dart Court held that as a result of its failure to comply with the filing requirements of Article 9, St. Paul retained an unperfected security interest in the expirations which was subordinate to the rights of the Trustee by virtue of the "strong arm provisions" of § 544(a)(1). Further, St. Paul's interest was subordinate to the interest of those creditors who had complied with the filing requirements of Article 9.
Based on the similar facts and identical contractual provisions presented in the case at bar, this Court reaches the same conclusion. Plaintiffs herein are holders of an unperfected security interest in the expirations which is subordinate to the rights of the Debtor-in-Possession. It is unnecessary for the Court to determine the validity of Equibank's purported security interest in expirations at this time.
Based upon the foregoing, Plaintiffs' request for a mandatory injunction requiring Debtor to turn over all records and other written materials relating to the expirations is denied.